*Thos. H. Paynter, for appellant.*

*E. F. Dulin, for appellees.*

---

ALBERT STEIN v. HENRY GROTENKEMPER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—888.]

**Lien Not Lost by Renewal of Mortgage Debt.**

The mere renewal of a note is not the payment of the debt so as to affect the mortgage lien as security for its payment.

**Pleading Must Authorize Judgment.**

Even though the evidence is sufficient to sustain a judgment such judgment will be reversed where there was no pleading filed upon which the judgment could stand.

APPEAL FROM CAMPBELL CIRCUIT COURT.

April 14, 1883.

OPINION BY JUDGE PRYOR:

While the proof in this cause sustained the judgment, the pleading did not authorize it. The note, as is alleged by the appellees, was executed to Douglas for the benefit of Herman and by the latter transferred to the appellees in payment of a debt due them by Herman. The petition of Stein to be made a party to the petition of the appellees was filed and he made his answer and cross-petition in the case. This petition set up the fact that Stein was proceeding upon a return of no property found against Grotenkemper, the payee in the

note, to subject the property mortgaged to secure it. He alleges in his answer and cross petition that there was no consideration for the execution of the note by Grotenkemper to Douglas, and while this is explained in the petition or amended petition of the appellees by stating that the note was really for Herman's benefit it might be regarded as an evasive plea if the appellant had made no other averment.

He proceeds to state that the note was never assigned by Douglas to the appellees and that the appellees or any one for them ever had possession of the note and mortgage, or either of them, until long after the note had matured, nor until after he, Stein, had instituted his action to subject the property, and that the note was paid long before the pretended assignment to the appellees. These several allegations were considered together and create a strong suspicion, if established, that the transaction was not in good faith, and therefore the cross-petition should have been answered, although the proof fails to sustain appellant's view of the case.

We perceive no error in permitting the filing of the amended petition, nor was the mere renewal of the note a payment of the debt so as to affect the mortgage lien. The object in filing the amended pleading was only to rectify a mistake made as to the manner in which appellees obtained the note. The original petition alleged that it was assigned by Douglas to the appellees when in fact it was transferred by Herman. As to the renewal of the note see *Bank of America v. McNeil*, 10 Bush (Ky.) 54. Upon the return of the cause the appellees should be permitted to respond to the answer and cross-petition of the appellant.

The judgment is *reversed* for the failure to make this answer and remanded for further proceedings.

*Helm & Bigstaff, for appellant.*
*O. W. Root, for appellees.*